UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DEBRA HOPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case Number: 7:17-cv-00580-JHE |
| TYRONE CLARK SR., former Sheriff of | ) |
| Sumter County; SHERIFF BRIAN | ) |
| HARRIS, in his individual and official | ) |
| capacity; SUMTER COUNTY SHERIFF'S | ) |
| DEPARTMENT; SUMTER COUNTY | ) |
| COMMISSION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER[1]

On April 10, 2017, Plaintiff Debra Hopson ("Hopson") initiated this action against Defendants Tyrone Clark, Sr., Sheriff Brian Harris, Sumter County Sheriff's Department, and Sumter County Commission alleging claims pursuant to 42 U.S.C. § 1983, specifically violations of her rights afforded by the Equal Protection Clause and the First Amendment, as well as claims pursuant to Title VII of the Civil Rights Act of 1964, as amended. (Doc. 1). Defendants move to dismiss, arguing Hopson failed to plead sufficient facts, failed to recognize the Sumter County Commission and Sumter County Sheriff's Department were not Hopson's employers and are not the proper defendants for her Title VII claim, and that Eleventh Amendment immunity shields liability for some of Hopson's claims. (Doc. 9). In response, Hopson filed a proposed amended

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 16).

1

complaint and requested permission to amend her complaint. (Docs. 15, 15-2). Defendants reply, stating they do not oppose Hopson amending her complaint, but argue because the amendment is futile, even after amendment the complaint is due to be dismissed. (Doc. 19).

The undersigned construes Hopson's response, (doc. 15), as a motion to amend. As such, the motion to dismiss, (doc. 9), is **DENIED** as **MOOT**. For the reasons stated below, the motion to amend, (doc. 15), is **GRANTED** to the extent described below.

## I. Background[2]

In her proposed First Amended Complaint, Hopson asserts that former Sheriff Clark, her former employer, violated the Equal Protection Clause by sexually harassing her and discriminating against her during her employment at the Sumter County Jail. (Doc.15-2, ¶¶ 12, 33). Hopson alleges former Sheriff Clark called her into his office and asked her if she was "ready to pay her debt" for being hired. (*Id.* at ¶ 14). When Hopson asked what "debt" he was referring to, former Sheriff Clark attempted to solicit sexual favors from her and stated she could use a private bath in his office. (*Id.* at ¶¶ 16, 17, 34). Hopson asserts her job depended on her response to former Sheriff Clark's sexual requests. (*Id.* at ¶ 33) ("The Equal Protection claim against Former Sheriff Clark is [sic] are brought in his individual capacity for sexually propositioning Hopson and tying her job to his request for sexual favors.").

Hopson states she was placed on administrative leave in February 2016, and told not to report to work. (Doc. 15-2, ¶ 18). Hopson spoke with investigators about the sexual harassment

---

[2] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, the "facts" are taken directly from the complaint.

she experienced and mismanagement of the jail. (*Id.* at ¶20). After giving her statement to investigators, no one called Hopson back. (*Id.*). Sometime after being placed on administrative leave, Hopson testified before a grand jury at the District Attorney's office, and later before the Alabama Supreme Court, about Sheriff Clark's sexual propositions and operation of the jail. (Doc. 15-2, ¶¶ 22, 25). After her grand jury testimony, but before she testified before the Alabama Supreme Court, investigators at the District Attorney's office informed Hopson her employment had been terminated. (Doc. 15-2 ¶ 24).

After Sheriff Clark was removed from office by the Alabama Supreme Court, Hopson re-applied for her previous position and was informed the new Sheriff would decide whether or not to hire her. (Doc. 15-2, ¶¶ 26, 27). The new sheriff, Sheriff Harris, has not rehired Hopson. (*Id.* at ¶ 28).

## I.  Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or " a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The court will "freely grant" a motion to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The court's discretion in deciding whether to grant or deny a motion to amend, however, is not unlimited. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996) (citing *Espey v. Wainwright*, 734 F.2d 748 (11th Cir. 1984); *Dussouy v. Gulf Coast Investment Corp.*, 6 660 F.2d 594 (5th Cir. 1981)). A district court should allow a plaintiff to amend unless there is a "substantial countervailing reason." Id. Such "substantial countervailing reasons" include: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. Id. (citing *Nolin v. Douglas Cnty.*, 903 F.2d 1546, 1550 (11th Cir. 1990)).

"The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *B.D. Stephenson Trucking LLC v. Riverbrooke Capital Partners, LLC*, No. 06-0343-WS-M, 2006 WL 2772673, at *6 (S.D. Ala. Sept. 26, 2006) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 85 F.3d 1514, 1520 (11th Cir. 1996). Accordingly, Plaintiff will only be permitted to amend the First Amended Complaint if the proposed claims withstand Rule 12(b)(6)

scrutiny.

## II. Analysis

In her proposed amended complaint, Hopson asserts claims for Equal Protection and First Amendment Retaliation against Sheriff Clark and claims for First Amendment Retaliation against Sheriff Harris, and Title VII claims for discrimination and retaliation against Sumter County Sheriff's Department and Sumter County Commission. (Doc. 9).

### A. Claims against former Sheriff Clark

Hopson's Equal Protection and First Amendment Retaliation claims against former Sheriff Clark are brought against him in his individual capacity.

#### 1. Equal Protection Claim

Hopson contends Former Sheriff Clark's request for sexual favors in exchange for the repaying of a debt for being hired and tying here employment to these favors violated the Equal Protection Clause. (Doc. 15-2 at 6-7). Former Sheriff Clark argues that Hopson fails to allege sufficient facts to maintain her Equal Protection claim. (Doc. 19 at 2). Specifically, former Sheriff Clark states Hopson should have to (1) allege that she belongs to a relevant protected class, (2) identify a similarly situated comparator outside of the protected class that took the same actions as Hopson did, and (3) allege how Hopson and the comparator were treated differently. (Doc. 19 at 2). Former Sheriff Clark's argument is not persuasive.

Hopson has met the pleading standard necessary to state a claim under the Equal Protection Clause. Hopson's detailed allegation raises more than a formulaic recitation of elements or a naked assertion. *See Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 557) ("formulaic recitation[s] of the elements of a cause of action" and "[naked assertion[s]" are insufficient to state a claim). Hopson describes the specific incident of sexual harassment giving rise to her claim. Her

allegation raises much more than the sheer possibility that former Sheriff Clark harassed her. *See Iqbal* 556 U.S. at 678 (the complaint must establish "more than a sheer possibility that a defendant has acted unlawfully"). Assuming that her allegations are true, Hopson has stated a claim for relief that is plausible on its face. *Id.* ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citations and internal quotation marks omitted).

At the motion to dismiss stage, Hopson is not required to plead every detail that would be necessary to be granted summary judgment. Even so, it can be inferred from Hopson's complaint that she is alleging gender-based sexual harassment and that former Sheriff Clark would not have sexually harassed a similarly situated male employee.

### 1. First Amendment Retaliation Claim

Hopson also assets a claim for First Amendment retaliation against former Sheriff Clark, alleging she was terminated from her employment because of her grand jury testimony (presumably about Sheriff Clark's sexual misconduct and operation/mismanagement of the jail). Former Sheriff Clark argues Hopson's First Amendment Retaliation claim should be dismissed because Hopson has not pled sufficient facts to state a claim. (Doc. 19, pp. 2-3). As noted above, this is a motion to dismiss, not a motion for summary judgment. Hopson has sufficiently stated a plausible First Amendment retaliation claim against former Sheriff Clark by alleging she was terminated after her grand jury testimony and in anticipation of her Alabama Supreme Court testimony. (Doc. 15-2 at 10).

Former Sheriff Clark also argues Hopson cannot state a claim based on secret grand jury testimony and that her testimonies before both the grand jury and the Alabama Supreme Court was not a matter of public concern. (Doc. 19 at 8-11). The undersigned is not persuaded by former

Sheriff Clark's argument that he could not have retaliated against Hopson because of her grand jury testimony simply because it was secret and thus he had no knowledge of what was specifically stated during the testimony. (Doc. 19 at 7-8). The allegations in the complaint imply that former Sheriff Clark knew that he was the subject of the testimony. Any attempt to retaliate due to such knowledge would still be retaliation against her right to speak.

Former Sheriff' Clark's next argument, that Hopson's testimonies were not on a matter of public concern, is premature. A state may not demote or discharge a public employee in retaliation for public speech. *Bryson v. City of Waycross*, 888 F.3d 1562, 1565 (11th Cir. 1989) (citing *Rankin v. McPherson*, 483 U.S. 378 (1987)). The Eleventh Circuit has developed a four-part test to determine whether an employee has suffered retaliation based on speech protected by the First Amendment. *Morgan v. Ford*, 6 F.3d 750, 754 (11th Cir. 1993). The first step in this analysis is to determine "whether the employee's speech may be fairly characterized as constituting speech on a matter of public concern." *Morgan*, 6 F.3d at 754 (quoting *Bryson v. City of Waycross*, 888 F.2d 1562, 1565 (11th Cir. 1989)) (internal quotation marks omitted).[3] To fall within the realm of "public concern," Hopson's speech must "relat[e] to a[] matter of political, social, or other concern to the community." *Connick v. Meyers*, 461 U.S. 138, 146 (1983). Absent extraordinary

---

[3] If the plaintiff gets past the first step,

> the district court must "weigh[] the employee's first amendment interests against 'the interest of the state, as an employer, in promoting the efficiency of the public services it performs through its employees.'" Should the employee prevail on the balancing test, "the fact-finder determines whether the employee's speech played a 'substantial part' in the government's decision to demote or discharge the employee." Finally, if the employee shows that the speech was a substantial motivating factor in the employment decision, "the state must prove by a preponderance of the evidence that 'it would have reached the same decision . . . even in the absence of the protected conduct.'"

*Morgan*, 6 F.3d at 754 (internal citations omitted).

circumstances, however, the First Amendment protection is unavailable when "a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest. . . ." *Id.* at 147. A court must therefore discern the purpose of the employee's speech—that is, whether she spoke on behalf of the public as a citizen, or whether the employee spoke for herself as an employee. *Id.* at 146. To accomplish this, a court considers "the content, form[,] and context of a given statement, *as revealed by the whole record*. *Morgan*, 6 F.3d at 754 (quoting *Deremo v. Watkins*, 939 F.2d 908, 910 (11th Cir. 1991)) (emphasis added).

While it is somewhat difficult to determine whether secret testimony before a grand jury was on behalf of the public or herself as an employee, her public testimony before the Alabama Supreme Court appears to have been given during the removal of former Sheriff Clark from office by the Alabama Supreme Court. (Doc. 9-1).[4] Matters relating to the impeachment of a sheriff could possibly be on behalf of the public and may satisfy the first step of a First Amendment retaliation claim. *See Lane v. Franks*, 134 S. Ct. 2369 (2014) (director's sworn testimony during public employee's corruption trial was protected by the first amendment and not unprotected employee speech). However, as noted above, whether the Hopson's speech can fairly be considered speech on a matter of public concern is to be decided on the record as a whole. *See Morgan*, 6 F.3d at 754 (quoting *Deremo v. Watkins*, 939 F.2d 908, 910 (11th Cir. 1991)). Therefore, amendment to include this claim would not be futile.

---

[4] Defendants argue, and plaintiff concedes, that this testimony can be considered without converting their motion to dismiss into a motion for summary judgment because it is mentioned in the pleadings. (Doc. 9 13-14, fn. 1; doc. 15, p. 2).

However, Hopson also attaches a letter from Sumter County Commission and attempts to cite it as evidence in her reply brief. (Doc. 15 at 5). Defendants argue that the court should not consider this letter as a part of the motion to dismiss. (Doc. 19 at 5). As such, the undersigned agrees and the letter will not be considered.

Hopson's amended complaint may include the Equal Protection and First Amendment retaliation claims against former Sheriff Clark in his individual capacity.

**B. Claims against Sheriff Harris**

Hopson also asserts a First Amendment Retaliation claim against Sheriff Harris in both his official and individual capacity. Hopson contends she re-applied for her position and that she was not rehired by Sheriff Harris after her testimony regarding former Sheriff Clark and Sumter County Sheriff's Office. (Doc. 15-2 at 11). Hopson requests reinstatement plus back and front pay, compensatory damages, and punitive damages. (Doc. 15-2 at 12).

As Sheriff Harris points out, Hopson cannot assert this claim against him in his official capacity. (Doc. 9 at-17). The Eleventh Amendment bars actions for damages against a State unless the State waives the defense or there is a valid congressional override. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citations omitted). "[T]he Supreme Court of Alabama held that a sheriff is an executive officer of the state of Alabama, and thus is immune from lawsuits under the state constitution, except for injunctive actions . . . ." *Carr v. City of Florence, Ala*., 916, F.2d 1521, 1524 (11th Cir. 1990). Therefore, Sheriff Harris, as an executive officer of the State, is immune from the First Amendment Retaliation claims against him in his official capacity for front and back pay, compensatory damages, and punitive damages. However, Hopson's amended complaint may include a First Amendment retaliation claim against Sheriff Harris in his official capacity, but only for reinstatement because the State is not immune from injunctive relief. The amended complaint may also include a First Amendment Retaliation claim against Sheriff Harris in his individual capacity.

**C. Claims against Sumter County Sheriff's Department and Sumter County Commission**

Hopson asserts Title VII claims for discrimination and retaliation against the Sumter

9

County Sheriff's Department and the Sumter County Commission. The proper defendant in a Title VII case is the head of the department, agency, or unit with which the plaintiff was employed. § 42 U.S.C. 2000e-16(c). Thus, Sumter County Sheriff's Department and the Sumter County Commission are not the appropriate defendants for this claim because they were not Hopson's employer.

> According to Alabama law:
>
> The sheriff has the legal custody and charge of the jail in his or her county . . . . The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein . . . . Persons so employed by the sheriff shall be acting for and under the direction and supervision of the sheriff . . . .

ALA. CODE § 14-6-1. Thus, Hopson's employer, and the proper Title VII defendant, is the Sheriff of Sumter County.

Sheriff Harris may argue he should not be responsible for the alleged discrimination and retaliation that may have occurred when former Sheriff Clark was the Sheriff of Sumter County. In a limited sense, this argument is correct, in that Title VII does not impose individual liability, and Hopson could not assert Title VII claims against Sheriff Harris in his individual capacity. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991); *Cobb v. Harshall*, 481 F. Supp. 2d 1248, 1256 (M.D. Ala. 2007). A Title VII claim from Hopson should be brought against Sheriff Harris in his official capacity – against his office and essentially the State. *See In re: Employment Discrimination Litigation Against the State of Ala.*, 198 F.3d 1305, 1324 (11th Cir. 1999) (recognizing that, with regard to Title VII, Congress unequivocally expressed its intent to abrogate the state's Eleventh Amendment sovereign immunity); *see also Moore v. Hale*, NO. 2:08-cv-202-RDP, 2010 W.L. 11507178, *12 (Aug. 30, 2010) (recognizing a claim for money damages against the Sheriff in his official capacity under Title VII). To hold this otherwise would leave a plaintiff without a remedy when a sheriff leaves office or is replaced. *See King v. McMillan*, 2006 WL

2126279, *2 (W.D. VA. July 28, 2006) (concluding that the Office of Sheriff for the City of Roanoke was the plaintiff's employer for purposes of Title VII liability because holding an individual officeholder liable would curtail protection for the officeholder's employees when the officeholder leaves office).

Accordingly, Hopson's amended complaint may not include Title VII claims against the Sumter County Sheriff's Department or Sumter County Commission, as they were not her employer and are not proper defendants. Hopson may only assert Title VII claims against Sheriff Harris in his official capacity as Sheriff of Sumter County.

### III. Conclusion

For the reasons stated above, Defendants' motion to dismiss, (doc. 9), is **DENIED AS MOOT**, and Hopson's motion to amend, (doc. 15), is **GRANTED** to the extent consistent with this memorandum opinion and order, such that she may assert the following claims:

- Equal Protection claim against former Sheriff Clark in his individual capacity;

- First Amendment retaliation claim against former Sheriff Clark in his individual capacity;

- First Amendment retaliation claim against Sheriff Harris in both his individual and official capacity, but limited to injunctive relief in his official capacity;

- Title VII claims against Sheriff Harris in his official capacity.

Accordingly, Hopson is **ORDERED** to file a First Amended Complaint consistent with this memorandum opinion and order by **December 18, 2017**.

DONE this 4th day of December, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE